**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CRIMINAL ACTION NUMBER: 5:25CR-00045-BJB-1**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**v.**

**CARSON CONNOR ZAJDEL (1)**                                              **DEFENDANT**

---

### ORDER FOLLOWING DETENTION HEARING

---

The above-styled case came before the Honorable Lanny King, United States Magistrate Judge and was called in open court on October 15, 2025, for the purpose of conducting a detention hearing in Paducah, Kentucky.

The defendant was present, in person, in custody of the United States Marshal, and appeared with his attorney, Donald J. Meier, Federal Defender. Assistant United States Attorney Leigh Ann Dycus was present for the United States of America. The proceedings were digitally recorded.

As to the matter of the detention hearing, counsel for both parties acknowledged receipt of a copy of Pretrial Services Report and advised the Court they were prepared to proceed with the hearing. The United States further advised this case is a presumption case. Defense Counsel moved for the Court to release the defendant from custody and be allowed to reside with his parents in Boothbay, Maine and advised the Court the defendants parents were available to attend this proceeding via phone if the Court had any questions for them. Defense Counsel argued the following points as to why the defendant should be released from custody: There is no indication in the Pretrial Services Report that there would be a risk of non-appearance by the defendant; as to assessment of danger, the report lists five (5) things, four (4) of which are related to the charges in the pending criminal action, which makes this a presumption case; there are no other aggravating factors that would implicate the defendant would fail to appear for court or be a danger to the community; defendant is 38 years old, has no prior criminal history and can live with his parents in Maine; the parents residence is located in the country and is not near a school, daycare or park; Defense advised he had spoken to the parents on the phone and indicated they were willing to be third party custodians. After evidence was presented by Defense Counsel, the Court found the defendant had rebutted the presumption but reminded the parties the Court must still consider the presumption when making a final determination and the findings would be based solely on the evidence presented and does not consider the underlying charges. The United States proffered evidence stemming from the

Pretrial Services Report and argued the following reasons why the defendant should remain in federal custody:  Factors stemming from the statute under 18 USC 3142 involving the nature and circumstances of the offenses charged; specifically, under subsection (g), the statute specifies if the offense charged involves a minor.  The pending charges in this action involve a 12-year old minor and at last two other self-identified minors, who have yet to be identified, who live in California and Texas; as to dangerousness in this matter, in April of 2025, cyber tips came in from Defendant Zajdel indicating that child pornography was being exchanged over Snapchat; cyber tips received from both Illinois where Defendant Zajdel was living and in the Western District of Kentucky, specifically Hopkinsville, where one of the victims live; as to being a flight risk, the defendant does not have any prior criminal history recorded however, he does have access to liquid cash if he sold his vehicle; and if convicted of the pending charges, he is looking at a 15 year mandatory minimum jail sentence. After a brief recess, Defense Counsel called Defendant Zajdel's father, Daniel Zajdel, as a witness in this matter; Mr. Zajdel appeared telephonically in these proceedings.  Daniel Zajdel testified that he would be willing to be third-party custodian for his son, Carson Connor Zajdel, and confirmed he and his wife are both retired, they live in a rural neighborhood and do not live near a school or childcare facilities, and he stated that he understood the seriousness of the pending charges and hoped to be able to fulfill his duties as a custodian of the Court.  Mr. Zajdel confirmed the police confiscated Defendant Zajdel's phone and Apple Chromebook and currently the defendant doesn't have any devices in which he could access the internet; and the father confirmed he would make sure his son did not gain access to any other equipment that would allow him to access the internet.  The United States did not cross examine the defendant's witness.  The Court asked questions of this witness pertaining to the pending allegations in this case and asked Daniel Zajdel if he understood the Court's concerns regarding Carson Connor Zajdel having any internet access and asked him if he had other electronic devices other than his computer, such as Smart TV's, Smart Phones, Smart Tablets, in the home that have internet capability other than his computer.  Daniel Zajdel advised they do have other electronic devices in the home other than the computer and he confirmed that he and his wife would secure them so that the defendant would not have access and agreed to password protect ALL of the devices.  The defendant's father further testified if his son was released into his custody, there is a direct flight every day from Portland, Maine to Nashville, Tennessee, and he would have the resources to fly him and his son to Nashville, get a rental car, and drive the defendant to Paducah for any future court proceedings.

The Court having heard evidence proffered by both parties, having heard testimony of the defendant's father, Daniel Zajdel, having heard arguments of counsel, having reviewed the Pretrial Services Report, and being otherwise sufficiently advised,

**IT IS THE FINDING OF THE COURT** the United States motion to detain is **DENIED**.

**IT IS THE FINDING OF THE COURT** there are a set of conditions or combination of conditions of release to exist which will reasonably assure the safety of the community and the defendant's appearance at future court appearances. It is **ORDERED** the defendant will be placed on home incarceration and in custody of his father, Daniel Zajdel, who will be his Third-Party Custodian. The defendant will remain in custody of the United States Marshal until the defendant's father is able to make arrangements to travel to Kentucky, where the father will pick up the defendant at Crittenden County Detention Center and then transport him to the United States Probation Office in Paducah where an ankle monitor will be secured on the defendant. Before traveling back to Nashville, Daniel Zajdel shall report to the U.S. District Court in Paducah and sign the bond as the defendant's Third-Party Custodian.

**IT IS HEREBY ORDERED** the defendant be **remanded** to the custody of the United States Marshal and shall be returned to Crittenden County Jail pending further orders of the Court. A separate Release Order will be entered by the Court once the defendant's father has arrived in Kentucky.

November 13, 2025

**Lanny King, Magistrate Judge**
**United States District Court**

C: AUSA Leigh Ann Dycus
   Donald J. Meier, Federal Defender
   United States Marshal
   United States Probation

P:D/HRG:1/28 (Contested) (Time added by CM in MJSTAR)
LLK-mhb