UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA                                           PLAINTIFF


v.                                               CRIMINAL NO. 5:25-CR-00045-BJB


CARSON CONNOR ZAJDEL                                               DEFENDANT


## <u>SENTENCING MEMORANDUM</u>
*-Filed Electronically-*

The United States of America, by counsel, files this memorandum in support of sentencing in this action currently scheduled for July 9, 2026.  The United States has no objections to the final presentence report and will not call any witnesses at the sentencing hearing.

## <u>PROCEDURAL HISTORY</u>

Carson Connor Zajdel ("defendant") was indicted by a federal Grand Jury on September 11, 2025, and charged with child exploitation offenses:

Count 1 – Attempted Enticement of a Minor

Count 2 – Receipt of Child Pornography

Count 3 – Transfer of Obscene Material to a Minor

The defendant was initially arrested on state related charges on June 12, 2025. Those charges were later dismissed on September 11, 2025, in lieu of the federal Indictment.

On March 24, 2026, the defendant pled guilty to all counts charged in the Indictment in exchange for a Rule 11(c)(1)(C) plea and an agreed sentence of 120 months

followed by a term of supervised release between 5 years and life, which the court may specify.

## OFFENSE CONDUCT

The United States agrees with the offense conduct, as laid out in the U.S. Probation Office's final Presentence Investigation Report (PSR), at paragraphs 14-23. *See* PSR [DN 35, ¶14-23].

## GUIDELINES CALCULATION

The United States agrees with the guidelines calculation and criminal history computation contained within the PSR.  Accordingly, the United States agrees with a base offense level of 32 and a criminal history category of I which produces a guideline imprisonment range of 121-151 months.  *See* PSR [DN 35, ¶77].

## VICTIM IMPACT AND RESTITUTION

Pursuant to 18 U.S.C. § 2259, the defendant must pay restitution, if requested prior to sentencing, of at least $3,000.00 to each victim.  In this case, the United States received a request from a single victim, Minor Victim 1.  The United States has confirmed with the victim's representatives that they do not wish to submit an impact statement or attend the proceedings. The United States will provide contact information for Minor Victim 1 to the clerk after sentencing.

## SENTENCING FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).  That section directs courts to consider the following:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for--

(A)     the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

. . .

(5)     any pertinent policy statement--

. . .

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

## <u>CONCLUSION</u>

The United States respectfully requests that the court sentence the defendant to a sentence of 120 months.  Such a sentence would accomplish the sentencing purposes of 3553(a).  Should the Court also agree, the United States respectfully requests that the Court impose such a sentence, which is sufficient, but not more than necessary to satisfy the above factors.

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney
501 Broadway, Suite B29
Paducah, Kentucky  42001
270-816-3354
leigh.ann.dycus@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Counsel of Record.

*/s/ Leigh Ann Dycus*
Assistant U.S. Attorney