**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**(Filed Electronically)**

**CRIMINAL ACTION NO. 5:25CR-45-BJB**
**UNITED STATES OF AMERICA,**

**PLAINTIFF,**

**vs.**

**CARSON CONNER ZAJDEL,**

**DEFENDANT.**

**SENTENCING MEMORANDUM**

Comes the defendant, Carson Conner Zajdel, by counsel, and for his sentencing memorandum herein states as follows:

Mr. Zajdel has pleaded guilty to one count of Attempted Enticement of a Minor, one count of Receipt of Child Pornography, and one count of Transfer of Obscene Material to a Minor. He is facing a mandatory minimum sentence of 10 years in prison, followed by a term of supervised release of at least five years, up to life. Given the particular circumstances of this case, and the personal characteristics of Mr. Zajdel, any sentence in excess of the required tem years would be unnecessarily harsh. Likewise, following his completion of the prison term, a period of supervised release of no more than five years is easily sufficient. A sentence of ten years imprisonment, followed by a five year term of supervised realease would still be extremely severe and would easily be sufficient to satisfy the statutory purposes of sentencing.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

**Facts**

Mr. Zajdel engaged in on line sexually explicit conversations with a minor that he believed to be twelve years old. Sexually explicit images were exchanged during these on line chats. There was never an actual in person meeting with any juvenile, nor did any actual sexual activity occur between Mr. Zajdel and any juvenile.

**Determining the Appropriate Sentence**

In imposing sentence, the District Court must first correctly calculate the advisory guideline range, *Gall v. United States*, 552 U.S. 38,49 (2007), but may not treat that range as mandatory or presumptive, *Id.*, at 51; *Nelson v. United States*, 555 U.S. 350,352 (2009). It is only "one factor among several" to be considered in imposing an appropriate sentence under 18 U.S.C. §3553(a). *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). The Court must "consider all of the §3553(a) factors", "make an individualized assessment based on the facts presented", Gall, 552 U.S. at 49-50, and explain how the facts relate to the statutory purposes of sentencing. Id., at 53-60; *Pepper v. United States*, 562 U.S. 476, 131 S.Ct. 1229, 1242-43 (2011). These purposes are: 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2). In enacting the Sentencing Reform Act, Congress did "not favor [ ] one purpose of sentencing over another,"

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

except that rehabilitation was not to be a reason to impose a sentence of incarceration. 18 U.S.C. §3582. *See* S. Rep. No. 98-225, at 67 (1983). Rather, "each of the four stated purposes should be considered in imposing sentence in a particular case". Id., at 68. In choosing what kind of sentence to impose, the Court "must consider" all of the purposes and factors set forth in §3553(a). Id., at 119. "Whether [imprisonment] should be imposed when authorized[1] is a question to be resolved after balancing all the relevant considerations." *Id.*

After considering all of the above factors set forth in §3553(a) , the Court must also consider the background, history, character, and conduct of the defendant, when imposing a sentence that is "sufficient but not greater than necessary" to satisfy the statutory purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation of the defendant in the most effective manner. 18 U.S.C. §3553(a)(2). This so-called "parsimony provision" represents the "overarching" command of the statute. *Kimbrough,* 552 U.S., at 101.

In the same vein, length of the term of supervised release which follows incarceration is only set after the Court conducts an individualized assessment of the defendant and the particular case. *See* USSG §5D1.2(a). The factors to be considered are similar to those considered in sentencing (*See,* 18 U.S.C. §3583(c); 18 U.S.C. §3553(a)). However, when determining the term of supervised release, the sentencing factor which requires the Court to look at the need for the  sentence to reflect the seriousness of the offense, promote just respect for the law, and provide just punishment is ***not a consideration***.

---

[1] And, presumably, the length of that sentence.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## Guideline Calculations

The statutory penalty range is 10 to Life on Count One,  5 to 20 years on Count Two, and 0-10 years on Count Three.  There is a mandatory minium sentence of ten years in prison.

The Presentence Report has determined a guideline calculation of offense level 32, and criminal history category I.  This yields a recommended guideline range of 121-151 months.

The defense does not object to these calculations, but believes that the agreed upon sentence of ten years (120 months) is appropriate in this case.

## Argument

### A sentence of ten years in prison satisfies the need to reflect the seriousness of the offense, promotes respect for the law and provides just punishment

This is clearly a serious offense.  It would be disingenuous to suggest otherwise.  The statutory mandatory minimum sentence of ten years of incarceration in prison reflects this as well.  A sentence of 120 months is also within one month of the recommended sentencing guideline range in this case.  It is a harsh sentence that both reflects the seriousness of the offense and provides just punishment.

However, when determining an appropriate length of time for a term of supervised release, this is not a consideration.

### A ten year sentence with and additional five years of supervised release is more than adequate protection to the public from further crimes of the defendant.

Mr. Zajdel has no criminal record whatsoever, not so much as even a traffic citation.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

Because he has been convicted of a child sex offense, he was ineligible for the two level reduction for being a zero point offender. Nevertheless, the sentencing commission, when promulgating the 2023 Amendments, added zero point offender after research showed that such offenders have *nearly half* the rate of recidivism as other offenders as a whole. Even when compared to individuals with only one criminal history point the recidivism rate is 22% less.[2]

Mr. Zajdel not only has no criminal history points, he has no prior convictions of any kind, at any time, nor even charges. While he doesn't qualify under the guidelines for a reduction, it doesn't change the fact that his statistical chances for re offending are low.

As to supervised release, the sentencing guidelines note that "(t)he court should give particular consideration to the defendant's criminal history" when deciding whether to impose supervised release[3], and the length of any such term. USSG §5D1.1, Application Note 2.

Mr. Zajdel is highly educated and has exceptional family support. *See, Letters from Family*, attachment A. When released, it will be to a stable environment, which will help to provide the necessary tools for him to reintegrate into society. Just as important, he has a level of intelligence and education that can only enhance his ability to get the maximum benefit from this assistance. Most important of all, Mr. Zajdel has shown sincere remorse, and a dedication to addressing the behavior which led to this offense.

The stigma of this type behavior was an obstacle which prevented him from seeking

---

[2] See, ussc.gov/2023amendments-in-brief

[3] In this case supervised release must be imposed with a term of at least five years 18 U.S.C.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

help as this offense unfolded. Now however, the offense is public record. While it has caused him shame and embarrassment, there is no longer any reason to be hesitant to seek counseling and treatment. He is eager to do so.

While this case was proceeding in Court, Mr. Zajdel was released to live with his family in Maine, under strict conditions of home incarceration for a period of over five months. During that time he was in complete compliance with all conditions of release. Everything about Mr. Zajdel points to an individual who will adhere to any and all conditions of release, without posing a danger to others.

A period of five years of supervised release will be easily sufficient time to continue and complete any sex offender counseling and treatment, while also demonstrating his resolve to maintain a healthy and productive lifestyle. He will also be a registered sex offender, subject to all of the restrictions and reporting requirements attendant thereto.

In summary, a 10 year sentence, with appropriate treatment, coupled with an additional five years of supervised release, which would add restrictions, continued treatment and supervision is sufficient, but not greater than necessary, to satisfy the requirement of 18 U.S.C. §3553(a)(2)(C).

**The recommended sentence will afford adequate deterrence to criminal conduct**

A prison sentence of 10 years without parole followed by a five year period of supervised release, with the attendant strict controls and conditions that it and being a registered sex offender entail, are sanctions that will definitely deter like minded individuals

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

from committing similar crimes.

The severity of the sentence faced by Mr. Zajdel has certainly come as a tremendous shock to him. If the punishment suggested for him is not sufficient to deter other potential offenders of this type, then there is no such deterrence.

As to the specific deterrence for Mr. Zajdel, no one is more cognizant of the punishment and repercussions that have resulted from his conduct. His long term relationship with his partner ended with these charges. He was just months away from obtaining his Ph.D., only needing to complete his dissertation. He will now not achieve that lifelong goal, but will likely lose his opportunity to teach at any level. Felony convictions, especially of this nature, will no doubt severely impact any career opportunity. This is all in addition to the immediate sanction of lengthy incarceration. None of this is lost on Mr. Zajdel, but fortunately he has the desire and self awareness to make the changes necessary to eliminate the behavior that led to this conviction.

Accordingly, the recommended sentence of 10 years imprisonment, with an additional five years of supervised release is sufficient, but not greater than necessary, to satisfy the requirement of 18 U.S.C. §3553(a)(2)(B).

**The history and characteristics of the defendant**

Mr. Zajdel's complete lack of criminal history, stellar work record, and educational achievement set him apart from the vast majority of defendant's that come before this Court. While that does not excuse his conduct, it is certainly mitigating, and bodes well for his

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

7

chances to get his life back on the right path.  The letters from family which are attached to this memorandum attest to his character, and how this behavior was completely antithetical to the behavior he otherwise exhibited throughout his life.

Mr. Zajdel is anxious to participate in counseling to address his psychological issues that led to his predicament.  He has the intelligence, motivation and self awareness to benefit from such counseling.

But for this very serious lapse, he has always been law abiding, hard working, and a productive member of the community.

### The Appropriate Sentence

Ms. Zajdel has owned up to his conduct, admitted it to others, accepted responsibility, and done what he can to mitigate any damage and injury he has caused. He fully understands the wrongfulness of his conduct and is motivated and, indeed, eager to change. A sentence of 10 years; along with a five year term of supervised release subject to appropriate conditions that are reasonably tailored to his case will be "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offenses; afford adequate deterrence to criminal conduct by others, protect the public from further crimes of the defendant, and provide him with needed correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2): 18 U.S.C. §3583(c).

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

/s/ Donald J. Meier
Assistant Federal Defender
629 Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on July 7, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

/s/ Donald J. Meier

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

9